IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DAVID VELASQUEZ,<br>Plaintiff.<br><br>vs.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE, FRENCH ROBERTSON UNIT, And JENNIFER COZBY, SENIOR WARDEN,<br>Defendants. | Civil Action No. _____CV-_____<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AND JURY TRIAL DEMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

**COMES NOW** Plaintiff David Velasquez, by and through his counsel, Nick L. Olguin (Olguin & Price, Attorneys at Law), and makes this complaint for deprivation of Civil Rights under 42 U.S.C. § 1983 and related claims. Plaintiff states as follows:

### NATURE OF THE ACTION

1. This is a civil rights action for damages arising under the Constitution of the United States, particularly the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the laws of the State of Texas, resulting from a denial of proper restriction that resulted in the injury of Plaintiff on November 15, 2019.

## DEMAND FOR JURY TRIAL

2. Plaintiff demands a jury trial.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b), because all of a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

## PARTIES

5. Plaintiff David Velasquez is a resident of the County of Taylor, State of Texas.

6. Defendant, Texas Department of Criminal Justice, French Robertson Unit, may be served with process by serving the Executive Director of the Texas Department of Criminal Justice, Bryan Collier, 209 West 14th Street, 5th floor, Price Daniel Building, Austin, TX. 78701.

7. Defendant, Senior Warden Jennifer Cozby, is the chief executive of the French Robertson Unit and may be served with process at 12070 FM 3522, Abilene, TX 79601.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## FACTS

9. At all times relevant to the acts alleged in this complaint, Defendant Jennifer Cozby was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant Texas Department of Criminal Justice, French Robertson Unit (hereafter "TDCJ") and the State of Texas and under the authority of her respective office as a Warden.

10. This lawsuit results from an incident that occurred on or about November 15, 2019, in the cell of David Velasquez. Prior to this date, David Velasquez was placed on restrictions that he was to not be bunked on the top bunk. David Velasquez has exhausted all administrative remedies and on June 12, 2019, counsel for David Velasquez, sent a letter to the French Robertson Unit, advising them of their own restriction and never received a response. On November 15th, 2019, Plaintiff slipped and fell off the top bunk and severely injured himself. This was the 2nd time that the Plaintiff had fallen, and this fall resulted in significant injuries to Plaintiff. Defendants had been warned about the possibilities and foreseeability of injury prior to the fall and failed to act. As a result, Plaintiff was injured.

11. At all times relevant to the events described above, TDCJ had a policy and/or custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies and/or customs include tolerating purposefully ignoring their own medical restrictions, ignoring misconduct by its officers; encouraging misconduct by failing to adequately supervise, discipline, or train and in accordance with guidelines and studies issued by the United States Department of Justice and other organizations so as to avoid the continued violation of citizens' constitutional rights. The Defendant TDCJ has also deliberately and intentionally adopted a policy of providing no guidelines, or inadequate guidelines to its officers in implementing their own medical restrictions.

12. As a direct and proximate result of the said acts of the defendants, the injuries and damages suffered by Plaintiff were significant, substantial, and severe, and are as follows:

a. Violation of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution to be protected against cruel and unusual punishment;

b. Violation of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution to be free from the use of procedures that place Plaintiff in an unreasonable risk of harm.; and

c. Medical expenses, injury, disfigurement, pain and mental anguish, including conscious physical pain and emotional pain, torment, and suffering experienced as a result of the occurrence in question.

### COUNT I – Violation of 42 U.S.C. § 1983 against Individual Defendant Warden Jennifer Cozby

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 12 as though fully set forth herein by reference.

14. Defendant Cozby, acting under color of law, deprived Plaintiff of certain constitutionally protected rights wherein Defendant:

a. Failed to ensure the safety of Plaintiff's person;

b. Failed to follow the medical restrictions in place for Plaintiff.

15. Defendant Cozby acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiffs' clearly established constitutional rights.

### COUNT II – Violations of 42 U.S.C. § 1983 against Defendant TDCJ

16. Plaintiff here repeats and re-alleges the allegations contained in paragraphs 1 through 12 as though fully set forth herein by reference.

17. Defendant TDCJ has established policies and procedures for its prisons regarding medical restrictions.

18. In establishing these procedures, Defendant TDCJ had a duty under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that citizens would be subjected to deprivation of civil rights by Defendant TDCJ or their officers, or policies and procedures which created a substantial likelihood that the serious medical needs of citizens in their care would be treated with reckless indifference by its officers, agents, and employees employed by Defendant TDCJ.

19. Notwithstanding its mentioned duties, Defendant TDCJ was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiffs' constitutional rights, in that it:

   a. Allowed policies and procedures to continue in force and effect which resulted in ignoring the medical restrictions and placing Plaintiff in danger;

   b. Had a custom and practice of failing to independently and adequately investigate complaints of ignoring medical restrictions for inmates;

   c. Had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully ignored medical resrtrictions;

   d. Failed to establish appropriate policies and procedures to address and correct the repeated ignoring of medical restrictions by its officers; and

   e. Failed to adequately train its officers regarding the implementation of medical restrictions.

20. As a direct and proximate result of one or more of Defendant TDCJ's wrongful acts or omissions to act, the Plaintiff sustained a violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

21. Defendant TDCJ acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights.

## DAMAGES

22. as a direct and proximate result of the unlawful actions of the Defendants herein, Plaintiff suffered deprivations of his constitutional rights guaranteed him by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

23. In addition, Plaintiff incurred reasonable and necessary medical bills for treatment of his injuries.

24. Plaintiff also incurred substantial additional damages for shame, embarrassment, humiliation, mental anguish, pain and suffering, disfigurement in the past and in the future, and such other compensatory and tangible consequential damages as the law entitles him to recover.

25. Plaintiff hereby sues for these damages, and prays for just and fair recovery of his damages.

## ATTORNEY FEES

26. It was necessary for Plaintiff to hire the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

## PRAYER FOR RELIEF

27. For the reasons stated above, Plaintiff requests judgment against Defendants for the following:

a. Actual damages in an amount to be proved at trial;

b. Prejudgment and post judgment interest;

c. Costs of suit, including attorney fees; and

d. All other, further and different relief as this Court deems just and proper.

**DATED this _____ day of November 12, 2021.**

Respectfully submitted,

By: ___/s/ Nick Olguin_____
Nick L. Olguin
Texas Bar No. 24035083
808 ½ Main Street
Lubbock, TX 79401
Tel. (806) 741-1111
Fax. (806) 741-1115
nick@olguinlawfirm.com

ATTORNEYS FOR THE PLAINTIFF